This is an employer and insurance carrier appeal from a decision and award of disability compensation made to claimant by the Workmen’s Compensation Board and filed September 30,1949, and also from a board decision filed December 4, 1949, which denied the carrier’s application for a review of the aforesaid decision and award on the ground that it was untimely under the board’s rule No. 13. As regards the decision and award of compensation our power upon the appeal is such that we are constrained to hold that the findings of accident, notice, causal .relation and disability are supported by evidence. The claim of accident and injury, filed June 8, 1946, gave the date of occurrence as the previous February 27th. Hearings began on September 10th following and several were subsequently held. The last one, which culminated in the award, was held September 27, 1949. Claimant was present at the first three hearings, but was absent from the next three, having gone to Ireland. During one of these, viz., the one held on November 26, 1947, both sides rested and the referee stated on the minutes that he found accident, notice and causal relation but would hold the making of an award in abeyance until claimant returned *1072 from Ireland. His decision was not otherwise recorded, filed or noticed. Thus the matter remained in suspense for nearly two years and until the final hearing of September 27, 1949, and the ensuing award. The carrier sought a board review within twenty days thereafter but the application was denied only upon the ground that it was untimely in that the time to so apply expired twenty days after the referee made his findings as aforesaid on November 26, 1947. Under its rule-making powers (Workmen’s Compensation Law, § 117), the board had adopted rule 13 which provides that an application to it for the review of a referee’s decision “ shall be filed within twenty days after notice of filing of the decision.” While, eo instawti, a referee’s decision is a board decision from the date of its filing “ in the office of the secretary of the board ” (Workmen’s Compensation Board, § 150), and the board’s rule No. 5 allows it to be made by an .oral statement of the referee entered upon the stenographic minutes, it seems clear under the board’s rule No. 13 the time limitation within which to apply for its review does not commence until it has been duly filed and noticed pursuant to the long-established usage and practice in such matters. Here the oral findings of the referee recorded in the stenographic minutes of November 26, 1947, were never otherwise filed or noticed, except as later incorporated in the final decision and award of September 30, 1949, from which date, under the express provisions of the board’s rule No. 13, the time limitation for an application to review began. It follows that the board’s decision that the appellant carrier’s application of October 19, 1949, was untimely, was erroneous as a matter of law and should be reversed and the matter remitted to the board to entertain and consider appellants’ application for a review and such further action in the premises as it deems to be in the interest of justice. Decision of December 4, 1949, reversed on the law, with costs to appellant carrier against the Workmen’s Compensation Board and the award of September 30, 1949, remitted to it for such action in relation thereto as the board deems warranted after its entertainment and consideration of the appellant carrier’s application for a review. Poster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur.